# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DAVID TISTHAMMER,

    Petitioner,

vs.                                                                    Civil No. 99-909 LH/WWD

JOE WILLIAMS,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1.  THIS MATTER comes before the Court upon Respondent's Motion to Dismiss, filed October 25, 1999 **[docket # 14]** and Petitioner's Request for Evidentiary Hearing, filed November 12, 1999 **[docket # 16]**. Petitioner is currently incarcerated and is proceeding *pro se* and *in forma pauperis* on his underlying application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is confined pursuant to the judgment, sentence and commitment of the Ninth Judicial District in the County of Roosevelt for the crimes of burglary and larceny.

    2.  Petitioner was convicted following a jury trial and was sentenced as a habitual offender with one prior felony conviction to a total of ten years. He alleges two grounds for relief, for which Respondent concedes exhaustion:[1]

    (1) that he was denied his constitutional right to counsel under the Sixth and

---

[1] Petitioner's first ground was both presented and addressed solely on state grounds on direct appeal. Ans., Ex. C. However, in his state habeas petition, claims were presented as a federal constitutional claim which the state court did not address substantively, but dismissed it on the basis that the Court of Appeals had already visited the issue. Ex. E. The claim is nevertheless exhausted. See Smith v. Digmon, 434 U.S. 332, 98 S.Ct. 597, 54 L.Ed.2d 582 (1978) (once a federal claim has been submitted to a state's highest court, the exhaustion requirement is satisfied, even if the state court fails to address the federal claim).

Fourteenth Amendments during his testimony before the Grand Jury; and

(2) that he was denied his constitutional right to due process and equal protection when he was forced to appear before the Grand Jury in shackles and handcuffs.

*Ground One - Sixth Amendment*

3. Petitioner alleges that he was denied his constitutional right to counsel during his testimony before the grand jury. In his petition, he explains that he was not requesting the presence of an attorney in the Grand Jury room during his testimony, but rather that he have counsel available for consultation during breaks in the proceeding.

4. Petitioner was arrested on June 24, 1996, in connection with a number of crimes arising from six burglaries in Roosevelt County. He was brought before a magistrate who appointed a public defender to represent Petitioner. Two weeks later, Petitioner received a letter notifying him that he was the target of a grand jury investigation.

5. While incarcerated, Petitioner attempted to contact at least one other attorney who had represented him in another matter. One of them, Mr. Harden, a public defender contract attorney, informed Petitioner that he could not accompany him before the Grand Jury because he had not yet received notification that he was to represent him.[2] Harden was officially appointed to represent Petitioner on the day after the indictment was returned.

6. On direct appeal, Petitioner alleged that he was denied a statutory right to counsel, based on N.M.S.A. § 31-6-4 and § 31-15-10(B). The state court addressed both state statutes and found that § 31-6-4 changed the practice of not permitting target witnesses to be accompanied by counsel *if* the target witness has counsel, adding that the statute did not create a

---

[2] These facts are from the appeal order. Ans., Ex. B.

statutory right to counsel. Ex. B at 5-6.

7. The court of appeals also found that § 31-15-10(B)(the "Public Defender Act"), which allows a person charged with a crime to be represented by counsel during his testimony before the grand jury, did entitle Petitioner to be represented by counsel at the time he appeared before the grand jury because he had by then been charged with a crime. However, the fact that he did not have counsel during that proceeding did not require dismissal of the indictment. Ex. B at 9.

8. The court considered the limited function of an attorney during grand jury proceedings as well as the facts of Petitioner's case. Petitioner did speak with an attorney (who was not yet officially representing him) and he had both received and followed advice from this attorney. Ultimately, the court found there was no prejudice to Petitioner because of the "obvious lack of any impact" upon Petitioner "in this particular case." At 11.

9. Petitioner's allegations of state statutory violations based on N.M.S.A. 1978, § 31-6-4 and § 31-15-1 to 12 are not cognizable in federal habeas. See Lujan v. Tansy, 2 F.3d 1031, 1034 (10th Cir. 1993), cert denied sub nom. Lujan v. Thomas, 510 U.S. 1120 (1994) (inappropriate for this court to review the state court's interpretation of New Mexico state law, as federal habeas corpus review is limited to federal constitutional or statutory law). I also note that where New Mexico statutes § 31-6-4 and § 31-15-1 to 12 apparently provide certain broader rights to witnesses and their counsel, federal law still holds that a witness may not insist upon the presence of his attorney in the grand jury room. U.S. v. Mandujano, 425 U.S. 564, 581 (1976)(citing Fed.R.Crim.P. 6(d)). Thus, even assuming the existence of state statutory violations, such violations would have no bearing on federal habeas review.

10. As a federal claim cognizable on federal habeas review, i.e., denial of right to counsel

3

under the Sixth Amendment, Petitioner's first allegation fails. A federal court may grant habeas relief if, and only if, the "decision" resulting from that adjudication was "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or involved an "unreasonable application of" law, or an "unreasonable determination of the facts in light of the evidence" presented at the state level. § 2254(d). Additionally, the factual findings of the state court are presumed correct unless Petitioner can rebut this presumption by clear and convincing evidence. See id. § 2254(e)(1). See Smallwood v. Gibson, 191 F.3d 1257, 1264-65 (10th Cir. 1999).

11. In this case, even though the state court's adjudication on the merits was based on state law (no specific state findings were made on the claim when presented as a constitutional violation -- see n. 1, above), I nevertheless find that the state court's conclusion was not contrary to clearly established federal law. I also find that certain factual determinations made by the state court regarding prejudice to Petitioner are presumed correct and should be accorded deference. See, e.g., Hooks v. Ward, 184 F.3d 1206, 1223 (10th Cir. 1999).

12. An individual's right to counsel attaches only at or after the time that adversary judicial proceedings have been initiated against him. U.S. v. Gouveia et al., 467 U.S. 180, 187 (1984). A "total deprivation" of the right to counsel constitutes "structural error" which is always considered prejudicial and thus not subject to a harmless error analysis. Brecht v. Abrahamson, 507 U.S. 619 (1993).

13. Petitioner's situation does not fit the above category. Although Petitioner had already appeared before the state magistrate, a lack of counsel during the grand jury proceeding does not constitute a violation of clearly established federal law. A witness before a grand jury
4

has no right to counsel. See U.S. v. Mandujano, 425 U.S. 564, 581 (1976). I have found no controlling Supreme Court case addressing Petitioner's scenario.[3]

14. However, Petitioner should be denied relief on this ground because of harmless error, even assuming a denial of right to counsel simply by virtue of Petitioner's appearance before a magistrate prior to his appearance before the grand jury. See Rushen v. Spain, 464 U.S. 114, 128, n.7 (1983) (citing Coleman v. Alabama, 399 U.S. 1 (1970)) (deprivations of the right to counsel at pre-trial stages of criminal proceedings may be addressed under a harmless error analysis).

15. The state court found that Petitioner was not prejudiced by a lack of counsel during his testimony at the grand jury. Petitioner did not assert that the state used uncounseled grand jury testimony at trial. Petitioner did not testify at trial and did not allege that his decision not to testify at trial resulted from fear of impeachment by prior grand jury testimony. Ex. B at 11.

16. The state court recognized that an attorney has only limited ability to help a defendant by his presence in the grand jury room. Petitioner alleged prejudice because his attorney could have presented an alibi or submitted questions for the prosecutor to ask. However, he never presented an alibi, even at trial. Also, Petitioner did in fact consult with Mr. Harden prior to testifying before the grand jury about questions the prosecutor would ask, and the

---

[3] Cmp., e.g., Coleman v. Alabama, 399 U.S. 1 (1970) (remanding for new *preliminary hearing* with counsel); Brewer v. Williams, 430 U.S. 387 (1977) (*custodial interrogation* without counsel after arrest) (italics added).

I have found no Tenth Circuit case which has considered the specific issue raised in Petitioner's first allegation. See In Re Grand Jury Subpoenas - U..S. v. Anderson, 906 F.2d 1485, 1493 (10th Cir. 1990). The United States Supreme Court has recently clarified the standard referred to as "clearly established federal law" as Supreme Court precedent and not precedent from federal circuit courts. See Williams v. Taylor, 120 S.Ct. 1495, 1507 (2000).

5

prosecutor consulted with Harden about the questions Petitioner wanted the State to ask.  Ex. B at 10.

17.  The state court acknowledged that while an indictment might be dismissed, such a possibility was a "rare occurrence" given the "minimal nature of the standard of proof required for indictment."  At 11.  In light of all these considerations, the state court found that Petitioner's lack of counsel did not rise to the level of a reversible error.  Id.

18.  Petitioner offers no clear and convincing evidence to rebut the presumed correctness of the state court findings.  Therefore, he should be denied relief on his Sixth Amendment claim of denial of right to counsel.

*Ground One - Fourteenth Amendment*

19.   Petitioner's claim fares no better as an alleged Fourteenth Amendment violation.  Petitioner is not entitled to federal habeas relief unless the error was so "grossly prejudicial" that it fatally infected the process and "denied the fundamental fairness that is the essence of due process."  Williamson v. Ward, 110 F.3d 1508, 1522 (10th Cir.1997); Moore v. Gibson, 195 F.3d 1152  (10th Cir. 1999 (Okla.)).

20. Based on the findings made by the state court regarding lack of prejudice to Petitioner, the purpose of a grand jury proceeding, the limited function of an attorney during the proceeding, and Petitioner's access to Mr. Harding prior to the proceeding, I find that the first ground for relief framed as a Fourteenth Amendment violation has no merit and should be dismissed as well.

*Ground Two*

21.  Petitioner contends that he was denied his constitutional right to due process and equal protection when he was forced to appear before the Grand Jury in shackles and handcuffs.

6

Although the state concedes exhaustion as to all of Petitioner's claims, I find no reference to this second allegation either on direct appeal or in Petitioner's state habeas petition. Exs. C & E. However, under AEDPA,[4] a district court can deny a habeas petition on the merits, notwithstanding failure to exhaust. § 2254(b)(2); Hoxsie v. Kerby, 108 F.3d 1239, 1242 (10th Cir. 1997).

22. Plaintiff's allegation fails to provide the most basic of an Equal Protection claim, an allegation of some form of disparate treatment, i.e., that similarly situated individuals are treated differently. See, e.g., Jacobs, Visconsi, & Jacobs, Co. v. City of Lawrence, 927 F.2d 1111, 1118 (10th Cir. 1991). Neither does Plaintiff allege any discriminatory treatment originating in an impermissible class discrimination. See Williams v. Meese, 926 F.2d 994, 998 (10th Cir. 1991). Relief should be denied on this ground under an Equal Protection theory.

23. Similarly, the alleged error does not warrant relief under a due process framework. The general rule is that under ordinary circumstances freedom from handcuffs or manacles of a defendant during a criminal trial is an "important component of a fair and impartial trial." Way v. U.S., 285 F.2d 253, 254 (10th Cir. 1960); see Holbrook v. Flynn, 475 U.S. 560, 567 (1986) (defendant in shackles and prison clothes during trial might have significant effect on jury's feelings about defendant); U.S. v. Apodaca, 843 F.2d 421, 431 (10th Cir.) (use of physical restraints on defendant during trial is disfavored, but right of defendant to appear before jury unfettered from physical restraints is not unqualified), cert denied, Apodaca v. U.S., 488 U.S. 932 (1988).

---

[4] Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, tit.1 § 104, codified at 2254(b)(2).

24. However, even a departure from this general rule does not warrant a new trial in the absence of prejudicial consequences. Way, at 254. Petitioner does not allege that he was handcuffed and shackled during trial, in violation of this general rule. Even extending the general rule to grand jury proceedings and analyzing the issue under a due process standard, his claim does not have merit. I find that Petitioner has not shown that being handcuffed during grand jury proceedings rendered his trial fundamentally unfair or that the results of either the grand jury proceeding or his trial resulting in a conviction would have turned out differently. Martin v. Kaiser, 907 F.2d 931, 934 (10th Cir. 1990) (error must be so prejudicial so as to render the entire proceeding fundamentally unfair). Thus, not having shown prejudice, Petitioner should be denied relief on this claim.

25. In light of the above findings, Petitioner's motion for an evidentiary hearing **[docket # 16]** should be denied.

**Recommendations**

I recommend that Respondent's Motion to Dismiss **[docket # 14]** be GRANTED; that Petitioner's Request for Evidentiary Hearing **[docket # 16]** be DENIED; that Petitioner's application for Writ of Habeas Corpus be DENIED and that this cause be dismissed with prejudice.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of

the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE